This case was determined in July, 1820, but the judgment was suspended, on a motion for a rehearing, which finally prevailed. The first judgment is as follows:—
Martin, J.
delivered the opinion of the court.* The defendant, being sued on a prison bound bond, executed by him as surety for A. Elliot, pleaded—
1. That the principal ought to have been sued with him.
2. That the plaintiffs ought first to have obtained judgment against the principal.
3. That the bond was not taken in pursuance of the statute.
4. That the bond was given without any legal consideration, while the defendant was in duress and in illegal confinement.
The defendant further denied all the facts alleged in the petition.
There was judgment for the plaintiffs, the court a quo being satisfied with the testimony taken in the case. The defendant appealed.
*197 The statement of facts shew, that Elliot was arrested on a ca. sa., issued on a judgment obtained by the plaintiffs against him, and whilst at the sheriff’s office, and in his custody, executed the bond, with the defendant, for the purpose of obtaining the benefit of the prison bounds ; that he was not committed to prison; and shortly after executing the bond, left the bounds, without the consent of the plaintiffs, and without satisfying them.
Neither the plaintiffs nor their agent paid, or offered to pay, or advance the allowance required by law for the debtors sustenance. Elliot, on being arrested on the ca. sa., was carried to prison, but the key was not turned on him. While there, he executed the bond.
The defendant having executed a bond, jointly and severally, with the principal, is suable without him; and we do not know any reason why a previous judgment against the latter should be required.
The bond appears to us taken in pursuance of the statute. The form of the bond to be given is not prescribed by law. It is provided, that the condition be, “ not to break or depart therefrom, (the bounds) without the leave of the court, or being released by order *198 of the plaintiff, at whose suit he (the debtor) is confined.” The condition of the bond in suit is, that the debtor “ shall remain within the boundaries of the public prison, &c. until he may be duly discharged therefrom, by order of court, or otherwise, in due course of law.” We are of opinion, that the spirit of the law is complied with, and the words used, convey the same idea, though they be not literally those of the statute.
The bond had a legal consideration;—the exemption it procured to the debtor from being locked up within the jail.
The violence which avoids a convention, must be an illegal one. Pothier’s Obligations. The sheriff having arrested the debtor on a ca. sa., was bound to detain him till he was delivered to the jailor, or admitted to the bounds, after giving bond.
But it is contended, that the detention was illegal, because the creditor had not made the advance which was prescribed by the act, approved on the 17th of February, 1817.
It is far from being clear, that debtors, not confined within the walls of the prison, are entitled to the allowance.
The act provides, that " no person shall be *199 kept in confinement at the suit of any creditor, in this state, unless the said creditor pays to the keeper of the jail, a sum of three dollars and fifty cents a week, to be paid in advance, by the said creditor, to the keeper of the jail, when he, the said debtor, is committed, for the use of said debtor; and in case the said creditor should fail to pay the said sum, then the said debtor may be set at liberty.
The allowance is to be paid to the keeper of the jail, where the debtor is committed. It must suffice then, to pay after, or at least when the debtor is committed to the keeper of the jail. The consequence of the failure of payment, is that the debtor may be set at liberty.
The sheriff cannot refuse to arrest the party against whom a ca. sa. is in his hands, because the allowance is not paid, nor to commit him to the keeper of the jail. For till then, there is not any keeper of the jail to which the debtor is committed; and until after confinement, there is no failure in the creditor; because it is not certain that there will be an arrest and commitment. The arrest and detention of Elliot was not illegal, because the allowance was not paid. Before the commitment, ac *200 cording to the statement of facts. Elliot asked to be admitted to the prison bounds, and executed a bond therefor. There was no commitment to jail. No illegal violence was exercised against Elliot.
If the defendant intended to avail himself of the want of payment of Elliot’s allowance to justify his departure from the bounds, on the ground that he might set himself at liberty, this ought to have been pleaded.
All that the plaintiffs may be required to prove is, that the bond was legally taken, and the condition of it broken. This clearly appears from the record.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

 Mathews, J. did not sit in this case at the first hearing.